```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                  :
LATASHA VERDINER
                                  :
    v.                            :    Civil Action No. DKC 15-2612
                                  :
WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY                 :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this personal injury case is a motion to dismiss filed by Defendant Washington Metropolitan Area Transit Authority ("WMATA" or "Defendant"). (ECF No. 11). The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted, and Plaintiff will have 21 days within which to file an amended complaint.

**I.  Background**

   **A.  Factual Background[1]**

This case stems from a July 3, 2012, incident on the Green Line Metro near College Park, Maryland. (ECF No. 2 ¶ 4). Plaintiff Latasha Verdiner ("Plaintiff") was a passenger when the train on which she was riding lost power and came to a

---

[1] When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

sudden stop. At the time of the incident, Plaintiff alleges, Defendant's employees operated the train. After waiting for some time and receiving no guidance or assistance from Defendant's employees, Plaintiff and other passengers evacuated the train. There was no ladder or assistive device, the ground outside the car was rocky and uneven, and there was only a small space between the train car and a concrete wall. Upon evacuating the train, Plaintiff "wrenche[d] her knee" as she landed and fell against the wall. (*Id.* ¶ 6). She walked along the rail to the College Park Metro station, injuring her knees and back.

**B.    Procedural History**

Plaintiff originally filed a complaint in the Circuit Court for Prince George's County, asserting three counts of negligence against Defendant. Defendant removed the case to this court on September 3, 2015. (ECF No. 1). The complaint alleges that: Defendant violated federal, state, local, and industry standards by, *inter alia*, failing to have, implement, follow, and oversee policies and procedures for evacuating passengers trapped on the rail system (Count I); Defendant is vicariously liable for the conduct of its employees that violated federal, state, local, and industry standards (Count II); and Defendant harmed

Plaintiff by negligently hiring, training, and supervising employees (Count III).[2]

On September 10, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (ECF No. 11). Plaintiff responded in opposition and attached as exhibits the police and incident reports as well as excerpts from Defendant's Standard Operating Procedures ("SOP"). (ECF Nos. 12; 12-1; 12-2). In her opposition, Plaintiff acknowledged that "the hiring, training and supervision of [Defendant's] employees is a discretionary function for which [Defendant] is immune from suit." (ECF No. 12, at 8). Plaintiff voluntarily withdrew Count III, which will be dismissed. Defendant replied, requesting that its motion to dismiss be treated as a motion for summary judgment. (ECF No. 13).[3]

---

[2] The complaint erroneously identifies Count III as a duplicative "Count II." (ECF No. 2 ¶ 29). This opinion will refer to three distinct counts: Count I (*id.* ¶ 27); Count II (*id.* ¶ 28); and Count III (*id.* ¶ 29).

[3] In reviewing the motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The court may also consider documents attached to the complaint. *CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

3

## II. Standard of Review

### A. Rule 12(b)(1)

Assertions of governmental immunity are properly addressed under Fed.R.Civ.P. 12(b)(1), which allows defendants to challenge an action for lack of subject matter jurisdiction. *See Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002) (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)). Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore, et al., Moore's Federal Practice § 12.30[1] (3d ed. 1998)). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, the court "may consider evidence outside

---

Here, however, Plaintiff attached two exhibits to her response in opposition. Plaintiff may not amend the pleading by attaching documents to her opposition brief, and the court will not consider the exhibits at this stage. *See Zachair, Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) (holding that facts first alleged in an opposition brief cannot be considered on Rule 12(b)(6) review); *Lindsey-Grobes v. United Airlines, Inc.*, No. GJH-14-00857, 2014 WL 5298030, at *5 (D.Md. Oct. 14, 2014) ("An affidavit attached to an opposition to a motion to dismiss, however, is no place for [the plaintiff] to add material facts to a deficient complaint."). Accordingly, the court declines to convert Defendant's motion into one for summary judgment and, at the motion to dismiss stage, will not consider documents outside the pleading.

4

the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991). Such a motion should only be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

### B. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir.

1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n]' that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**III. Analysis**

Defendant moves to dismiss under Rule 12(b)(1), arguing that it is immune from attacks on its policies and procedures governing responses to emergency situations and from liability for the hiring, training, and supervision of its employees. Furthermore, citing Rule 12(b)(6), Defendant contends that the complaint fails to state a claim upon which relief can be

6

granted. Plaintiff concedes that Defendant is immune from suit for the hiring, training, and supervision of its employees, but asserts that Defendant's actions in response to the emergency situation fall beyond the scope of sovereign immunity. From the complaint, however, it is not clear whether Plaintiff argues that Defendant failed to have a policy in place or whether it breached some policy in place, or both. The difference is critical to the adjudication of this case.

The complicated path for assessing Defendant's immunity arises from its unique status:

> WMATA is a mass transit system (serving the District of Columbia and suburban areas) that enjoys a unique type of sovereign immunity with respect to certain claims. Created in 1966, WMATA was formed by an interstate compact ("the Compact") enacted and consented to by Congress and adopted by the state of Maryland, the District of Columbia, and the Commonwealth of Virginia. *Martin v. WMATA*, 667 F.2d 435, 436 (4th Cir. 1981). The Compact provides that WMATA is an interstate agency and instrumentality of each of the signatories to the Compact. *Delon Hampton & Assocs., Ctd. v. WMATA*, 943 F.2d 355, 359 (4th Cir. 1991). As such an agency, WMATA enjoys the same rights and privileges as a state, including sovereign immunity. *Id*. (citing *Beatty v. WMATA*, 860 F.2d 1117, 1126 (D.C. Cir. 1988)).

*Pierce v. Wash. Metro. Area Transit Auth.*, No. DKC-09-1917, 2010 WL 4485826, at *3 (D.Md. Nov. 9, 2010). Accordingly, both the United States Court of Appeals for the District of Columbia Circuit and the United States Court of Appeals for the Fourth

Circuit have held that Defendant is entitled to sovereign immunity for some actions brought against it. *See id.* (clarifying that Defendant's "immunity is not all encompassing, as the Compact waives that immunity for some claims — *i.e.*, those that stem from the performance of a propriety, or non-governmental function"). Section 80 of the Compact provides:

> The Authority shall be liable for its contracts and for its torts and those of its directors, officers, employees, and agents committed in the conduct of any proprietary function, in accordance with the applicable signatory (including rules of conflict of laws), but shall not be liable for any torts occurring in the performance of a governmental function. The exclusive remedy for such breach of contracts and torts for which the Authority shall be liable, as herein provided, shall be by suit against the Authority.

Md. Code Ann., Transp. § 10–204(80). Courts employ a two-step approach in determining whether sovereign immunity attaches. *Smith*, 290 F.3d at 207.

> First, the test looks to whether WMATA "is engaged in a quintessential governmental function." [*Id.*] If it is, the activity is within WMATA's sovereign immunity and the inquiry ends. *Id.* If WMATA was not engaged in a quintessential government function, the court "must proceed to the second inquiry, [wherein] it must determine whether the challenged activity is discretionary or ministerial." *Id.* If an activity is discretionary, WMATA is immune "from any claim, 'however negligently caused.'" *Id.* (quoting *Dalehite v. United States*, 346 U.S. 15, 32 (1953)). In contrast, "sovereign immunity never shields ministerial actions."

8

> *Monument Realty LLC v. WMATA*, 535 F.Supp.2d 60, 76 (D.D.C. 2008).

*Pierce*, 2010 WL 4485826, at *3.

Here, it cannot be said that Defendant was engaged in a quintessential government function. The operation of public transportation differs from activities like law enforcement, which only the government can perform. *See Smith*, 290 F.3d at 206 n.7 ("The provision of mass transportation by a public body . . . is generally recognized as a 'proprietary' function."); *Pierce*, 2010 WL 4485826, at *4 (identifying police activity, prosecutorial decisions, and firefighting as "quintessentially governmental" functions). Moreover, Defendant does not contend that it was engaged in a quintessential government function. (*See* ECF No. 11, at 11-13). Turning to the second step of the inquiry, the court must determine whether the challenged conduct is discretionary or ministerial.

> "[A] duty is discretionary if it involves judgment, planning, or policy decisions. It is not discretionary [*i.e.*, it is ministerial] if it involves enforcement or administration of a mandatory duty at the operational level, even if professional expert evaluation is required." [*KiSKA Constr. Corp. v. WMATA*, 321 F.3d 1151, 1159 n.9 (D.C. Cir. 2003) (internal quotation marks omitted)]. Two more pointed questions dictate the outcome. First, the court considers whether any statute, regulation, or policy "specifically prescribes a course of action for an employee to follow." *Id.* at 1159. If the course is prescribed, the activity is not discretionary. Second, the

9

> court must determine whether the exercise of discretion is grounded in "social, economic, or political goals." *Id.* If it is, sovereign immunity applies.

*Pierce*, 2010 WL 4485826, at *4. Put simply, ministerial activity "connotes the execution of policy as distinct from its formulation" and thus is not accorded immunity. *Griggs v. WMATA*, 232 F.3d 917, 921 (D.C. Cir. 2000).

In her opposition to Defendant's motion, Plaintiff refers to Defendant's SOP as providing "detailed and comprehensive instructions to train operators and [Rail Operations Control Center ("ROCC")] personnel regarding the responsibilities and procedures for disabled trains and evacuations." (ECF No. 12, at 7). According to Plaintiff, "The SOP shows that [Defendant] had a policy in place prescribing the course of action for all [of Defendant's] employees and the incident report shows that despite the SOP, that prescribed course of action was not followed." (*Id.*). Plaintiff, thus, appears to contend that there was a mandatory duty imposed by the SOP, that WMATA employees failed to follow that duty, and that, as a result, she suffered injury. (*See id.* ("[Defendant] was acting, or failing to act as the case may be, within its ministerial function and therefore [is] not shielded by sovereign immunity.")). Here, Defendant cannot be sued for failure to have a policy or procedure because such a decision is discretionary, but it can

be sued if there was a mandatory evacuation policy or procedure in place that was not followed. *See Robinson v. Washington Metro. Area Transit Auth.*, 858 F.Supp.2d 33, 38-39 (D.D.C. 2012) (finding that sovereign immunity did not bar the plaintiff's action because WMATA's employees allegedly failed to follow safety directives). On Rule 12(b)(1) review, and considering evidence outside the pleading, material jurisdictional facts are in dispute. *See Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768. At this time, the court will not dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

Reviewing the complaint under Rule 12(b)(6), however, the court will not consider exhibits attached to Plaintiff's opposition brief; rather, the court confines its review to the pleading. *See supra* n.3. Plaintiff must provide a factual basis in the complaint to show that Defendant owed her duties. *See Felder v. WMATA*, 105 F.Supp.3d 52, 59-60 (D.D.C. 2015) (granting a motion to dismiss because the plaintiff did not provide facts to show that WMATA had policies and procedures related to his claim). The complaint is too conclusory to reveal the precise deficits she alleges. Plaintiff contends that Defendant breached various duties, but does not clearly state what those duties were. (*See* ECF No. 2 ¶¶ 9-24). Plaintiff does not provide a factual basis for evaluating whether a mandatory duty obligated Defendant's agents to act in

a certain manner, and if they fell short. To the extent that she seeks to assert such a claim, those allegations must be made clear. Plaintiff will be granted the opportunity to amend her complaint. Accordingly, Defendant's motion to dismiss will be granted, and the court will allow Plaintiff 21 days to file an amended complaint.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendant will be granted. A separate order will follow.

<pre>
                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge
</pre>